**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **CARNITION LLC,**<br><br>      **Plaintiff,**<br><br>**v.**<br><br>**DELL, INC.,**<br><br>      **Defendant.** | **CIVIL ACTION NO. 2:15-cv-1478**<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Carnition LLC ("Plaintiff"), by and through its undersigned counsel, files this Original Complaint against Defendant Dell, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement of United States Patent No. 7,428,707 ("the '707 patent") entitled "Customizable Web Site Access System and Method Therefore". A true and correct copy of the '707 Patent is attached hereto as <u>Exhibit A</u>. Plaintiff is the owner by assignment of the '707 patent. Plaintiff seeks monetary damages.

### PARTIES

2. Plaintiff is a limited liability company organized and existing under the laws of the State of Texas. Plaintiff maintains its principal place of business at 8992 Preston Road, Suite 110-245, Frisco, Texas 75034.

3. Upon information and belief, Dell, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at One Dell Way, Round Rock, Texas 78682. Defendant can be served with process through its registered agent Corporation Service Company, 211 E. 7th Street, Austin, Texas 78701.

### JURISDICTION AND VENUE

4.   This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5.   The Court has personal jurisdiction over Defendant because: Defendant is present within or has minimum contacts within the State of Texas and the Eastern District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

6.   More specifically, Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and the Eastern District of Texas including but not limited to the infringing products and services as detailed below.  Upon information and belief, Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas.  Defendant solicits and has solicited customers in the State of Texas and in the Eastern District of Texas.  Defendant has paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use and have used the Defendants' products and/or services in the State of Texas and in the Eastern District of Texas.

7.   Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Defendant has transacted business in this district, and has directly committed acts of patent infringement in this district.

## **COUNT I – PATENT INFRINGEMENT**

8. Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-7 above.

9. The '707 patent was duly and legally issued by the United States Patent and Trademark Office on September 23, 2008 after full and fair examination. Plaintiff is the owner by assignment of the '707 patent and possesses all rights of recovery under the '707 patent, including the exclusive right to sue for infringement and recover past damages.

10. Defendant owns, uses, operates, advertises, controls, sells, and otherwise provides products and/or services that infringe the '707 patent. The '707 patent provides, among other things, "A computer-implemented auto-composing web site access system, comprising: a composer, wherein said computer composes a web slide show presentation through automatic extraction of web page details from a desired web page, wherein said web page details include one or more of the following: a plurality of hyperlinks found within the desired web page that provides a plurality of URLs, a presentation/rendition text file within the desired web page that provides a plurality of URLs, a meta tag within the desired web page that provides a plurality of URLs; and a performer, wherein said performer displays said web slide show presentation in order of the plurality or URLs provided by the extracted web page details."

11. Defendant directly and/or through intermediaries, made, has made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or services that infringed one or more claims of the '707 patent in this district and elsewhere in the United States. Particularly, the Defendant's website, www.dell.com, utilizes a computer-implemented auto-composing website access system. The website utilizes a composer to automatically extract webpage details. By making, using, importing, offering for sale, and/or selling such products and

services, and all like products and services, Defendant has injured Plaintiff and is thus liable for infringement of the '707 patent pursuant to 35 U.S.C. § 271.

12. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

13. In addition to what is required for pleadings under Form 18 for direct infringement in patent cases, and to the extent any marking was required by 35 U.S.C. § 287, Plaintiff and all predecessors in interest to the '707 Patent complied with all marking requirements under 35 U.S.C. § 287.

14. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '707 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

C. Any further relief that this Court deems just and proper.

Dated: September 3, 2015

Respectfully submitted,

By: */s/ Austin Hansley*
**AUSTIN HANSLEY P.L.L.C.**
Austin Hansley
Texas Bar No.: 24073081
Brandon LaPray
Texas Bar No.: 24087888
5050 Quorum Dr. Suite 700
Dallas, Texas 75254
Telephone:     (469) 587-9776
Facsimile:     (855) 347-6329
Email: Austin@TheTexasLawOffice.com
Email: Brandon@TheTexasLawOffice.com
www.TheTexasLawOffice.com
**ATTORNEYS FOR PLAINTIFF
CARNITION LLC**